FILED
10/10/19 1:38
CHERYL COCHRAN-WILSON, CLERK
BY Cherry O'Brien D.C.

## IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
### 6 DIVISION

**GENE JONES**                                                                        **PLAINTIFF**

VS.                        CASE NO. 70CV-19-353

**AMERCABLE INCORPORATED, d/b/a**
**NEXANS AMERCABLE INCORPORATED**                  **DEFENDANTS**

### COMPLAINT

COMES now the Plaintiff, **GENE JONES**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, who for his Complaint, states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of Union County, who worked for Defendant(s) in _ County, Arkansas.

2. Defendant(s) **AMERCABLE INCORPORATED, d/b/a NEXANS AMERCABLE INCORPORATED**, who is a foreign for-profit corporation in an industry substantially impacting interstate commerce in Union County, Arkansas.

3. This is a claim brought violations of the Family Medical Leave Act, 29 U.S.C. 2601, et. seq., and the Arkansas Civil Rights Act, Ark. Code Ann. 16-123-107(a)(1) and 108, for an amount exceeding that required for diversity jurisdiction.

### FACTS

4. Plaintiff began working for Defendant in around 2011.

5. Plaintiff was terminated in late October 2018.

6. In 2017 and 2018, Defendant employed more than fifty (50) people within seventy-five (75) miles of Plaintiff's worksite during more than twenty (20) weeks of the calendar year.

7. Defendant employed more than 300 people during more than twenty (20) weeks of the year in 2017 and 2018, in Arkansas.

8. Defendant employed more than 500 people during more than twenty (20) weeks of the year in 2017 and 2018, in Arkansas.

9. Plaintiff had worked more than 1250 hours in the preceding year at all times in 2017 and 2018.

10. Plaintiff had good evaluations from Defendant in the three (3) years preceding his termination, as late as February 2018.

11. Plaintiff had good performance evaluation in 2018.

12. Plaintiff has an impairment of his legs that substantially impairs his ability to walk, stand, bend, crouch, crawl, climb stairs and ladders, and prevents him from working in a broad class of jobs that involve those tasks, which lead to significantly more difficulty in performing those activities, and the duration and conditions with which he can do those things. He was having severe pain, and if the knee surgery did not work, he would be using crutches or a wheelchair.

13. Defendants' facility was not accessible, such that Plaintiff's mobility impairment was not adequately accommodated.

14. Plaintiff requested accommodation in the form of FMLA leave, indicating that he was going to need accommodation in the form of going out on medical leave for knee replacements and to have physical therapy for 3-4 weeks thereafter. He gave this notice in advance through appropriate channels for giving such notice. He had also requested that accommodations be made around the physical facility to make it more accessible to him, such as parking, the stairs and access to the office. The creation of handicapped parking took over a year to get done.

15. Defendants responded by telling Plaintiff it wanted him to take a severance package, in exchange for settling any claims he had under the ADA and FMLA, as any other claims

he might have, and that if he failed to do this, he would be put on a Performance Improvement Plan.

16. Plaintiff's performance had been good. He had not been disciplined. No Performance Improvement Plan was warranted.

17. Plaintiff refused to resign.

18. Defendants then terminated Plaintiff in late October 2018.

19. Plaintiff was told that Defendants did this to Plaintiff because of his disability and his requests for accommodation in the form of FMLA leave and physical alterations to the facility. Defendants have done this to other employees who needed accommodation(s) and leave, who have in fact sued Defendants for this conduct.

## COUNT I

20. Plaintiff restates the foregoing as if fully stated herein.

21. By virtue of the facts alleged herein, Plaintiff was an eligible employee.

22. By virtue of the facts alleged herein, Defendants were a covered employer.

23. By virtue of the facts alleged herein, Plaintiff had a serious health condition.

24. By virtue of the facts herein, Plaintiff gave timely notice of his need for FMLA leave.

25. By virtue of the facts herein, Plaintiff suffered an adverse action.

26. This was done on account of Plaintiff's request for FMLA leave.

27. As a result of Defendants' conduct, Plaintiff has lost wages and benefits.

## COUNT II

28. Plaintiff restates the foregoing as if fully stated herein.

29. By virtue of the facts alleged herein, Defendants have fired Plaintiff on account of a disability and in retaliation for his requesting accommodation.

30. As a result of Defendants' actions, Plaintiff has lost wages and benefits, earning capacity and endured mental, emotional, and physical suffering.

31. Defendants' actions have been in willful, malicious, and reckless violation of this rights under the ACRA, meriting punitive damages.

## JURY DEMAND

32. Plaintiff requests a trial by jury.

**WHEREORE**, Plaintiff prays for the following relief: lost wages, front pay or reinstatement, liquidated damages, compensatory damages, and punitive damages (all in amount exceeding that required for diversity jurisdiction, but not more than $900,000, cleansing of his personnel file, designation as re-hireable, a positive reference, appointment of a monitor, creation of an 800# a requirement that all Complaints of FMLA violations, discrimination, or retaliation be kept for seven (7) years, posting of the lawsuit, verdict, and judgment at the facility, an apology, reasonable attorneys' fees and costs, and a jury trial on all matters so triable.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1915 Facsimile
Attorneys for the Plaintiff

By: /s/ Lucien R. Gillham
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com